# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ARMED FORCES BANK, N.A.,

    Plaintiff,

v.

FSG-4, LLC., et al.,

    Defendants.

2:11-CV-654 JCM (CWH)

### ORDER

Presently before the court is plaintiff Armed Forces Bank, N.A.'s motion to dismiss defendants FSG-4, LLC ("FSG") and John A. Ritter's (sued both as an individual and in his capacity as trustee of the Mustang Trust) counterclaims. (Doc. #25). Defendants have filed an opposition (doc. #28), to which plaintiff has responded (doc. #31).

### Factual Background

The instant lawsuit arises from defendants' alleged default in a real estate loan. On or about October 24, 2007, FSG borrowed from Bank Midwest, the predecessor-in-interest of plaintiff Armed Forces, $21.2 million. The loan was secured by certain real property. The maturity date of the loan was January 24, 2009. The loan was guaranteed by defendant Ritter.

By mid-2008, defendants contacted plaintiff, informing it that they were unlikely to meet their contractual duties with regard to repaying the loan. Defendants allegedly requested to restructure the loan or transfer the security property to plaintiff in satisfaction of the loan. Bank

**James C. Mahan**
**U.S. District Judge**

Midwest refused the proposed resolutions.

Defendants ultimately defaulted on the loan. The bank foreclosed on the property and filed the instant action to recover the deficiency owed. Defendants counterclaimed, alleging that the bank's 20 month delay in instituting foreclosure proceedings resulted in a severe depreciation of the real property and ultimately caused a larger deficiency. Defendants allege that the delay amounts to a breach of the covenant of good faith and fair dealing because plaintiff's reason for the delay was to:

> Stall and delay the foreclosure process so Bank Midwest could mislead regulators as to the condition of the [l]oan in order to obtain executive bonuses, participate in the federal Troubled Asset Relief Program ("TARP"), avoid the regulatory and financial pressures of having to place additional reserves aside for the [c]ounterclaimants' troubled [l]oan, all while speculating on the commercial real estate market with the hope that Bank Midwest would eventually obtain an undeserved and wrongful windfall at the [c]ounterclaimants' expense and to their detriment.

Counter-compl. ¶¶ 35, 54. Defendants also allege a cause of action for equitable estoppel and request declaratory relief. Plaintiff seeks to dismiss each of defendants' counterclaims pursuant to Rule 12(b)(6). Plaintiff also seeks to strike the allegations in paragraphs 35 and 54 pursuant to Rule 12(f), claiming the allegations are immaterial and scandalous.

**Discussion**

1.  Motion to Dismiss

    *(a)   Legal Standard*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949

James C. Mahan
U.S. District Judge

- 2 -

1  (internal citation omitted).

2  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

    *(b)    Analysis*

        i.    Breach of the Implied Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 784 P.2d 9, 9 (Nev.1989) (quoting Restatement (Second) of Contracts § 205). Damages may be awarded against a defendant that performs a contract in a manner that is unfaithful to the contract's purpose or where a defendant deliberately contravenes the intention and spirit of the contract. *Morris*, 886 P.2d at 457. Thus, "where the terms of a contract are literally complied with but one party to the contract deliberately countervenes [sic] the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels v. Butch Lewis Prods.*, 107 Nev. 226, 808 P.2d 919, 922-23 (Nev.1991).

In the instant case, plaintiff asserts that defendants have not alleged a counterclaim upon which relief can be granted because defendants have not alleged that plaintiff violated the "intention and spirit" of the loan documents. Pl.'s Mot Dismiss 4:22-27. Plaintiff contends that the "intention

and spirit" of the contract is limited to requiring defendants to repay the $21.2 million loan and establishing rights for the parties with respect to the loan. *Id.* Plaintiff contends that because nothing in the contract required plaintiff to restructure the loan, there was no breach of the implied covenant. *Id.*

This court disagrees with plaintiff's characterization of defendant's counterclaims alleging breach of the implied covenant of good faith and fair dealing. Plaintiff has attempted to equate the literal and express terms of the contract with the "intention and spirit of the contract." The terms of the contract required repayment and established rights. Implied in these terms was the duty of good faith and fair dealing. *See A.C. Shaw Constr.*, 784 P.2d at 9.

As described by the Nevada Supreme Court in *Hilton Hotels*, the literal terms of a contract are different from the contract's "spirit and intention." Even if there is no breach of the express terms of the contract, if the parties act in bad faith or unfairly, there could be an action for breaching the implied covenant. *See Hilton Hotels*, 808 P.2d at 922-23. As explained by the court, "where the terms of a contract are literally complied with but one party to the contract deliberately [contravenes] the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Id.*

Here, the contract required repayment and created a right of non-judicial foreclosure in the event of default. However, in exercising its contractual right, plaintiff was still required to act fairly and in good faith. Accepting defendants' allegations as true, they have sufficiently alleged a deliberate contravention of the contract's "intention and spirit." The gravamen of defendants' implied covenant cause of action is that plaintiff improperly delayed the foreclosure process by up to 20 months. If such a delay was conducted for the purpose of unfairly prejudicing defendants, as alleged, then it could form the premise of a bad faith cause of action.

ii. Equitable Estoppel

Plaintiff argues that defendants have failed to state a claim for equitable estoppel. Estoppel consists of four elements:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has

James C. Mahan
U.S. District Judge

the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*S. Nev. Mem. Hosp. v. State*, 101 Nev. 387, 391, 705 P.2d 139, 142 Nev. 1985).

Here, defendants have alleged that plaintiff had no intention of timely foreclosing or restructuring the loan. Defendants claim that plaintiff intentionally strung them along in false negotiations to resolve the default, in an attempt to increase the deficiency. Defendants allege they were unaware of this scheme and reasonably conducted themselves consistent with plaintiff's representations. Counter-Compl. ¶¶ 57-60. Defendants fail, however, to establish a detrimental change in position. Such a change is an essential element of an estoppel cause of action. Accordingly, defendants have failed to state a claim for equitable estoppel.

### iii.  Declaratory Relief

A request for declaratory relief is not a "claim," but a remedy. Because defendants have stated a valid claim for breach of the implied covenant of good faith and fair dealing, the court will not dismiss the request for declaratory relief at this time.

2.  Motion to Strike

Plaintiff moves the court to strike paragraphs 35 and 54 of the complaint, arguing that the allegations contained therein are scandalous and immaterial.

*(a)  Legal Standard*

A court may grant a motion to strike pursuant to Fed. R. Civ. P. 12(f) if the contested language constitutes an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Scandalous" matter "improperly casts a derogatory light on someone, most typically on a party to the action." 5A Charles Alan Wright & Arthur R. Miller § 1382, at 712; *see also* 2 Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."). Matter which is "immaterial" is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on*

**James C. Mahan**
**U.S. District Judge**

- 5 -

1 *other grounds*, 510 U.S. 517, 114 S.Ct. 1023 (1994) (citing 5A Charles Alan Wright & Arthur R.
2 Miller § 1382, at 706–07) (internal citations omitted).

3       Federal courts generally disfavor motions to strike. *Colaprico v. Sun Microsystems, Inc.*, 758
4 F.Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear
5 that the matter to be stricken could have no possible bearing on the subject matter of the litigation.")
6 (citing sources); *United States v. 729.773 Acres of Land, More or Less, Situate in City and County*
7 *of Honolulu*, 531 F.Supp. 967, 971 (D. Haw. 1982) ("A motion to strike is a severe measure and it
8 is generally viewed with disfavor."); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal.1996)
9 ( "[M]otions are generally disfavored because they are often used as delaying tactics, and because
10 of the limited importance of pleadings in federal practice.") (cites and quotes omitted).

11     *(b)*    Analysis

12       In light of the disfavor surrounding Rule 12(f) motions to strike, this court cannot find that
13 the allegations contained in paragraphs 35 and 54 are immaterial or scandalous. The allegations
14 provide defendants' theories of why plaintiff breached its implied covenant of good faith and fair
15 dealing by allegedly postponing the foreclosure process by nearly two years. This court cannot find
16 that such a theory has "no essential or important relationship to the claim for relief." *See Fantasy,*
17 *Inc.*, 984 F.2d at 1527. Additionally, though these allegations may cast a derogatory light on the
18 bank, this court does not find that the allegations rise to the requisite level of "scandalousness" to
19 necessitate granting a motion to strike. *See, e.g.,* 2 Moore's Federal Practice § 12.37[3] at 12-97
20 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of
21 an individual or states anything in repulsive language that detracts from the dignity of the court.")

22       Accordingly,

23       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
24 dismiss (doc. #25) be, and the same hereby is, GRANTED in part. The claim for alleged breach of
25 the implied covenant of good faith and fair dealing may proceed. The claim for equitable estoppel
26 is dismissed.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
2 strike (doc. #27) be, and the same hereby is, DENIED.
3  DATED November 10, 2011.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -