UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARMED FORCES BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> FSG-4, LLC., et al., <br><br> Defendants. | 2:11-CV-654 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff and counter-defendant Armed Forces Bank, N.A.'s ("Armed Forces") motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. #34). Defendants and counter-claimants FSG-4, LLC and John A. Ritter (sued both as an individual and in his capacity as trustee of the Mustang Trust) have filed a response (doc. #38), to which Armed Forces has replied (doc. #39).

Armed Forces seeks sanctions due to the inclusion of paragraphs 35 and 54 of the counterclaim, explaining that the allegations contained in those paragraphs are scandalous and counterclaimants should not have included them without evidentiary support.

By filing a pleading with the court, an attorney "certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.

**James C. Mahan**
**U.S. District Judge**

1   R. Civ. P. 11(b)(3).  "A signature certifies to the court that the signer has read the document, has
2   conducted a reasonable inquiry into the facts and the law and is satisfied that the document is
3   well grounded in both, and is acting without any improper motive." *Business Guides Inc. v.*
4   *Chromatic Comm'ns Enterps., Inc.*, 498 U.S. 533, 542-43 (1991).
5       Armed Forces complains of the counterclaim's allegation, based on information and
6   belief,

> that Bank Midwest chose to ignore the deteriorating financial status of the Focus entities and Mr. Ritter's numerous proposals to resolve the Loan in order to stall and delay the foreclosure process so Bank Midwest could mislead regulators as to the condition of the Loan in order to obtain executive bonuses, participate in the federal Troubled Asset Relief Program ("TARP"), avoid the regulatory and financial pressures of having to place additional reserves aside for the Counterclaimants' troubled Loan, all while speculating on the commercial real estate market with the hope that Bank Midwest would eventually obtain an undeserved and wrongful windfall at the Counterclaimants' expense and to their detriment.

*See* Doc. #20, Counterclaim at ¶¶ 35, 54.

The court notes that the allegation was based on "information and belief." While such a preface does not grant an attorney free license to make frivolous and baseless allegations without a reasonable and competent inquiry, *see Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990) (en banc), the preface does signify the signer's belief that the allegations will "likely have evidentiary support after a reasonable opportunity for further investigation and discovery." *See* Fed. R. Civ. P. 11.

Counterclaimants state that they "fully anticipate uncovering additional evidence throughout the discovery process to bolster these allegations." *See* Def.'s Opp., Ex. C.  Indeed, while discovery has not yet closed, counter-claimants have already uncovered news articles that may support the allegations contained in the counterclaim.  Furthermore, counterclaimants represent that bank representatives had voiced concerns regarding regulatory scrutiny with the loan at issue in this case.  *Id.*  Moreover, counter-claimants represent that the allegations are supported by information gleaned from an expert in the banking industry.  Def.'s Mot. at 6:2-4.

Without passing judgment on whether the allegations do indeed have evidentiary support, this court does rule that Armed Forces has failed to establish that the allegations lack *any* such

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  support or that *no* reasonable inquiry was made into possible evidentiary support.

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for

4  sanctions (doc. #34) be, and the same hereby is, DENIED.

5  DATED January 23, 2012.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -